# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3644 | **DATE** | 3/11/2011 |
| **CASE TITLE** | USA vs. Funds | | |

**DOCKET ENTRY TEXT**

The government's motion (169) for summary judgment is denied with leave to file a renewed motion supported by expert evidence relating to the dog sniff, as well as any appropriate *Daubert* challenges to claimants' expert evidence, as contemplated by my order of December 20, 2010.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

The government's motion for summary judgment is denied with leave to file a renewed motion supported by expert evidence relating to the dog sniff, as well as any appropriate *Daubert* challenges to claimants' expert evidence, as contemplated by my order of December 20, 2010.

Under 18 U.S.C. § 983(c)(1), the government bears the burden of proving, by a preponderance of the evidence, that there is a "substantial connection" between the funds over which it asserts ownership pursuant to the forfeiture provisions of 21 U.S.C. § 881(a)(6), and the "commission of a criminal offense." *United States v. Funds in the Amount of Thirty Thousand Six Hundred and Seventy Dollars ($30,670.00)*, 403 F.3d 448, 454 (7th Cir. 2005). All agree that in this case, as in *$30,670.00*, the government cannot prove this connection without the dog sniff evidence.[1] The government cannot rely on *$30,670.00* as a substitute for evidence that *this* dog sniff (as opposed to dog sniffs in general) is both reliable and sufficiently probative that reasonable jurors could not discard it in view of the challenges claimants raise. While I agree that *$30,670.00* puts to rest any argument that dog sniffs are universally unreliable based on the "currency contamination" theory, it does not preclude individual claimants from demonstrating that a particular dog sniff is unreliable.[2] To date, the government has presented its evidence of reliability, and claimants have countered with evidence of their own. The burden now shifts back to the government, as the movant, to show that claimants' evidence does not raise any triable issues.

**STATEMENT**

[0] I previously concluded, based on the factual similarities between this case and *$30,670.00,* that, as in that case, "the propriety of this forfeiture case turns on the dog alert evidence," without which "the government cannot possibly link [the money at issue] to illegal narcotics activity." *U.S. v. Funds in the Amount of One Hundred Thousand and One Hundred Twenty Dollars*, 494 F. Supp. 2d 960, 965 (N.D. Ill. 2007) ("$100,120") (quoting *$30,670.00,* 403 F.3d at 453) (alterations in *$100,120*)(rev'd on other grounds by *U.S. v. Marrocco,* 578 F.3d 627 (7th Cir. 2009)). Indeed, the government admits in its reply supporting the present motion that the dog sniff evidence is the *sine qua non* of its case, stating, "[t]he dog-sniff evidence is critical as the propriety of this forfeiture case turns on it." (Reply at 2, citing *$30,670.00* at 453).

[0] Among other challenges, claimants cite expert evidence to support their argument that the sniff search methodology used by the government was defective. This differentiates this case from *$30,670*, in which the court observed: "It is true that the record does not contain great detail regarding the methodology of Bax's sniff search. But at the summary judgment stage, [the claimant] failed to challenge the methodology used by the DEA agents and Bax's handler in conducting the dog sniff, nor did he offer any contrary evidence of his own."